LENA MEINER and Another, Appellants, v. THE CITY OF NEW YORK, Respondent. — Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Carswell, Adel, Taylor and Close, JJ.; Lazansky, P. J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK J. WALSH, on Behalf of HARRY MILLER, Appellant, for a Writ of Habeas Corpus against LEWIS E. LAWES, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent. — Motion for leave to appeal to the Court of Appeals denied. Present — Carswell, Adel, Taylor and Close, JJ.; Lazansky, P. J., not voting.

EARLINE BROWN and EGBERT BROWN, Respondents, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant. — Action by plaintiff Earline Brown to recover damages for personal injuries sustained due to an alleged defect of a step on the stairway of defendant's railway, and by plaintiff Egbert Brown, her husband, for medical expenses and loss of her services. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event. The verdict of the jury was clearly against the weight of the evidence, both as to the defect and the existence thereof prior to the time of the accident. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

JOSEPH ELEFANTE, JR., an Infant, by JOSEPH ELEFANTE, SR., His Guardian ad Litem, and JOSEPH ELEFANTE, SR., Appellants, v. SOUTH BROOKLYN RAILWAY COMPANY, Respondent. — Action for damages for personal injuries suffered by an infant, due to defendant's alleged negligence, and for loss of services and for expenses incurred by his father. Judgment dismissing the complaint at the close of plaintiffs' proof reversed on the law and a new trial granted, with costs to abide the event. While there was proof in the plaintiffs' case that the pulsator or machine had been locked and safeguarded one hour before the accident happened, there was also proof that the machine was being used and played upon and operated by a group of boys at the time the accident occurred. This presented a jury question as to whether the machine in fact had been locked and safeguarded, depending upon which portion of the testimony was to be credited. There was also proof that a week before the accident boys had been operating the machine along the rails, which furnished a basis for a finding of constructive notice to defendant of the use to which the machine was being put by children to the detriment of pedestrians. Lazansky, P. J., Hagarty and Carswell, JJ., concur; Adel and Close, JJ., dissent and vote to affirm.

ANNA HITTMAN, Appellant, v. MORRIS HITTMAN, Respondent. — In an action for separation, order referring to the trial court plaintiff's motion for temporary alimony and counsel fees, reversed on the law and the facts, without costs, and motion granted, without costs, to the extent of awarding temporary alimony at the rate of fifteen dollars a week, commencing July 31, 1941, and fixing counsel fee at $100. The arrears of alimony, and fifty dollars on account of counsel fee, are to be paid within ten days from the entry of the order hereon; the balance of counsel fee is to be paid at the time of the trial. Under the circumstances disclosed in the record the plaintiff's motion should have been granted to the extent indicated. Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Adel, J., dissents and votes to affirm. Settle order on notice.